UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

JOSEPH A. MOON,

    Plaintiff,

v.

JEFF FARMER, ET AL.,

    Defendants.

Civil Action No. 3:19-087-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Joseph A. Moon is a pretrial detainee at the Franklin County Regional Jail in Frankfort, Kentucky. Proceeding without a lawyer, Moon filed a civil rights complaint with this Court. [R. 1]. That complaint is now before the Court on initial screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss Moon's claims without prejudice.

As an initial matter, Moon's factual allegations and legal claims are difficult to track. Nevertheless, since Moon is a *pro se* litigant, he is afforded latitude and, therefore, the Court has attempted to identify and screen those allegations and claims that it can follow. As best as the Court can tell, Moon is pursuing at least four different claims against five different defendants: (1) Officer Jeff Farmer of the Franklin County Sheriff's Department, (2) Public Defender Linda Adkins, (3) Public Defender Kristin Madjar, (4) Officer Craig of the Franklin County Regional Jail, and (5) the Franklin County Regional Jail itself.

First, Moon alleges that Officer Farmer falsely accused him of drug trafficking and, as a result, he is now facing multiple state drug charges. [*See* R. 1 at 2]. Second, Moon complains about two of his criminal defense attorneys, Public Defenders Adkins and Madjar; indeed, Moon

suggests that, during the course of his state criminal case, these attorneys failed to respond to some of his requests and failed to file certain motions on his behalf. [*See id.* at 2-3]. Third, Moon briefly says in the margin of his complaint that, during his arrest, "Officer Farmer also physical [sic] assaulted me." [*Id.* at 2]. Fourth, Moon alleges that, months later, while he was incarcerated at the Franklin County Regional Jail, Officer Craig grabbed him by the neck and threw him down while he was handcuffed and shackled. As a result, Moon appears to be pursuing claims against Officer Craig and the Franklin County Regional Jail. [*See id.* at 3].

The Court will dismiss Moon's first and second claims without prejudice pursuant to the doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971). That doctrine provides that a federal court should generally abstain from interfering in a state court action that is ongoing, involves an important state interest, and provides an adequate opportunity to raise challenges. *See Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008) (discussing *Younger* abstention). Here, the relevant state criminal case against Moon is ongoing,[1] that matter obviously involves an important state interest, and, during that proceeding, Moon can raise both challenges to the charges against him and claims related to the effectiveness of his legal representation. Therefore, this Court will abstain from interfering in Moon's criminal case, just as it "has abstained from meddling in . . . [other] state court criminal actions." *Stevenson v. Prime Motors*, No. 5:16-cv-421-KKC, 2017 WL 512750, at *3 (E.D. Ky. 2017) (collecting cases). Instead, the Court will dismiss Moon's first and second claims without prejudice.

The Court will also dismiss Moon's third claim without prejudice to his right to file a new action against Officer Farmer. As an initial matter, it is not clear whether Moon intends to assert

---

[1] This Court takes judicial notice of the publicly available docket sheet in *Commonwealth of Kentucky v. Joseph Moon*, No. 19-CR-00227 (Franklin Cir. Ct. 2019).

an excessive force or other related claim against Officer Farmer. After all, while Moon briefly says in the margin of his complaint that "Officer Farmer also physical [sic] assaulted me," he asserts no additional factual allegations regarding this incident. [*See* R. 1 at 2]. Indeed, Moon puts forth no relevant details regarding the circumstances surrounding his arrest, such as the nature of the force used against him and whether he suffered any injuries as a result of the encounter. It is also not clear whether Moon is seeking any viable relief from Officer Farmer, as the relief section of his complaint is written in a confusing way that emphasizes his desire to "press charges" against Officer Farmer and the Franklin County Sheriff's Department—relief that this Court cannot grant.[2] [*See* R. 1 at 8]. Given these deficiencies, the Court will dismiss Moon's third claim without prejudice.

Finally, the Court will also dismiss without prejudice Moon's excessive force claims against Officer Craig and the Franklin County Regional Jail. For starters, it is not clear what relief, if any, Moon is seeking from these defendants; after all, Moon does not mention Officer Craig in his relief section at all, and he only says he wants to "press charges" against the Franklin County Regional Jail. [*See id.*]. Moreover, since these matters are unrelated to Moon's first three claims, it appears that he has improperly joined Officer Craig and the Franklin County Regional Jail as defendants. Thus, pursuant to Rule 21 of the Federal Rules of Civil Procedure, the Court will drop them as parties. Ultimately, Moon is welcome to file a new complaint against Officer Craig and the Franklin County Regional Jail regarding these matters, if he so chooses. That said, if Moon does file a new action against these defendants, he should clearly state what relief he is seeking.

---

[2] At one point, Moon does say that he wants his "money back" and "the case . . . placed against me falsely, overturned." [R. 1 at 8]. However, it is simply not clear what money Moon wants returned to him. And while Moon also says that he wants "relief for pain [and] suffering and slandering my name" it is not apparent from this statement that he is seeking money damages or other relief related to an excessive force claim. [*See id.*].

Accordingly, it is **ORDERED** that:

1. Moon's various claims [R. 1] are **DISMISSED** without prejudice to his right to proceed in accordance with this Opinion.

2. All pending motions are **DENIED** as moot.

3. This action is **STRICKEN** from the Court's docket.

4. The Court will enter a corresponding Judgment.

5. If Moon would like to initiate one or more new civil actions, he may obtain appropriate forms from the Clerk of the Court.

Dated December 17, 2019

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY